**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joel R. Garcia,<br><br>    Plaintiff,<br><br>v.<br><br>Dennis Leroux, et al.,<br><br>    Defendants. | No. CV-15-00798-PHX-DLR<br><br>**ORDER** |

Defendants have filed separate motions for summary judgment. (Docs. 52, 55.) Defendant Stephanie Low has also filed a request for judicial notice. (Doc. 54.) The motions are fully briefed, and no party requested oral argument. For the reasons stated below, Defendant's motions for summary judgment are granted and Low's request for judicial notice is denied.

## **BACKGROUND**

The following facts are undisputed. On May 26, 2011, Dennis Leroux, a City of Phoenix police officer, responded to a call at 921 South 35th Avenue regarding a fight. (Doc. 56, ¶ 2.) When he arrived on scene with his partner, he noticed Jose Garcia sitting in a chair outside of an apartment complex. (*Id.*, ¶ 3.) Leroux approached Jose and noticed that he was clenching his chest and having trouble breathing. (*Id.*, ¶ 4.) He also had a small cut on his forehead and cuts on his left forearm. (*Id.*, ¶ 5.) Jose told Leroux that his brother, Joel Garcia, became enraged at him for "no apparent reason" after

speaking with someone on the phone. (*Id.*, ¶ 6.) At the end of the call, Joel attacked Jose, pushing him to the ground and kicking him in the chest and ribs. (*Id.*, ¶ 7.) Joel also punched Jose in his chest and torso. (*Id.*, ¶ 8.) Jose was transported to the hospital by the Phoenix Fire Department. (*Id.*, ¶ 10.)

Leroux's partner interviewed another resident of the apartment complex who overheard the fight. (*Id.*, ¶ 11.) The witness stated that when he stepped out of his apartment to see what was going on, he saw Jose lying on the ground. (*Id.*) Another witness, the manager of the apartment complex, also witnessed Jose lying on the ground. (*Id.*) Both Jose and Joel appeared to be intoxicated, as the officers could smell the odor of alcohol on their breath, and both men had watery, blood shot eyes and were slurring their speech. (*Id.*, ¶¶ 13-15.) Joel was especially intoxicated, and Leroux was unable to interview Joel because he was "extremely uncooperative and verbally combative" with them. (*Id.*, ¶ 16.) Leroux arrested Joel for assaulting his brother. (*Id.*, ¶ 17.)

On June 22, 2011, Joel was indicted by a Maricopa County grand jury for aggravated assault (the "Original Indictment"). (Doc. 53, ¶ 2.) At some point, Maricopa County Deputy County Attorney Stephanie Low was assigned the case. On March 12, 2012, she filed a Supervening Indictment against Joel charging him with aggravated assault and manslaughter. (*Id.*, ¶ 3.) Low later moved to dismiss the Original Indictment. (*Id.*, ¶ 18.) On April 25, 2012, the Original Indictment was dismissed without prejudice. (*Id.*, ¶ 4.) Ultimately, the Supervening Indictment was dismissed without prejudice on January 11, 2013, and Joel was released from custody on January 16, 2013. (*Id.*, ¶¶ 5, 6.)

On May 1, 2015, Joel brought suit against Leroux and Low. (Doc. 1.) The amended complaint alleges violations of 42 U.S.C. § 1983 and § 1985 for false arrest, false imprisonment, and malicious prosecution. (Doc. 29 at 4-6.) Defendants move for summary judgment on all counts.

## **LEGAL STANDARD**

Summary judgment is appropriate when, viewing the facts in a light most

favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The burden then shifts to the non-movant to establish the existence of a material fact. *Id*. at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e) (1963)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## **ANALYSIS**

Although Defendants filed separate motions, they raise similar arguments, and thus the Court will analyze the motions together. Both Defendants argue that Joel's claims are barred by the statute of limitations, and to the extent that he raises state law claims, they are barred by Arizona's statute of limitations and notice of claim statute. In addition, Low argues that she is entitled to absolute immunity for her conduct as a prosecutor, and Leroux argues that he had probable cause to arrest Joel.[1]

**I. Statute of Limitations**

All of Joel's claims are brought pursuant to § 1983. "Section 1983 does not contain its own statute of limitations." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.

---

[1] Plaintiff filed a single response to both motions for summary judgment. (Doc. 59.) The three-page response cites no evidence or legal authority, nor does it address any of the arguments raised in Defendants' motions.

- 3 -

1999). Instead, federal courts borrow the forum state's statute of limitations applicable to personal injury claims. *See id.* (citing *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985)). Arizona provides a two-year limitations period for such claims. *See* A.R.S. § 12-542.

At the very latest, Joel's claims accrued on January 16, 2013, when he was released from custody after dismissal of the Supervening Indictment. *See TwoRivers*, 174 F.3d at 991 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). At this point, Joel knew or should have known of any injuries or constitutional deprivations that he allegedly suffered. However, Joel did not file suit until May 1, 2015, more than two years after he was released, and more than four years after he was arrested. As such, all of Joel's § 1983 and § 1985 claims are barred by the statute of limitations.

Furthermore, to the extent that Joel's claims may be construed as arising under state law, the Court finds those claims are barred by A.R.S. § 12-821, which provides: "All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." As previously noted, Joel waited more than two years after he was released from custody to file suit. Any state law claims raised in the amended complaint are barred by the statute of limitations.[2]

**II. Merits of Plaintiff's Claims**

Notwithstanding the statute of limitations, Joel's claims fail. The crux of Joel's complaint is that he was kept in custody for several months without ever having been convicted of a crime. (Doc. 29 at 2.) He claims Low and Leroux "arbitrarily kept [him] in custody even after they realized they did not have sufficient evidence to bring [him] to trial[.]" (*Id.*) It is this basis on which he brings claims for false arrest, false imprisonment, and malicious prosecution.

The claims fail for three reasons. First, Joel provides no evidence in support of his

---

[2] Likewise, any state law claims contained in the amended complaint are barred by Arizona's notice of claim statute, A.R.S. § 12-821.01(A), which requires a plaintiff to serve the public employee against whom he is bringing suit with a notice of claim within 180 days after the cause of action accrues. It is undisputed that Joel did not serve a notice of claim on either Low or Leroux. (Doc. 53, ¶ 19; Doc. 56, ¶ 19.)

- 4 -

claims and cites no legal authority in opposition to Defendants' motions. As such, Defendants' motions are essentially unopposed, and Joel has failed to create a triable issue of fact.

Second, Low is entitled to absolute immunity for her conduct as a prosecutor. "It is well-established that certain prosecutorial functions, such as the decision to initiate a prosecution or appear in court to present evidence in support of search warrant application, are intimately associated with the judicial phase of the criminal process and thus entitled to absolute immunity." *Manriquez v. City of Phx.*, No. CV-11-1981-PHX-SMM, 2014 WL 1319297, at *5 (D. Ariz. March 31, 2014) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 343-44 (2009)). Here, Low's conduct in dismissing the Original Indictment, preparing the charging papers that resulted in the Supervening Indictment, attending hearings, and offering pleas are intimately associated with the judicial phase of the criminal process. As such, Low is entitled to absolute immunity.

Third, the undisputed fact that Joel's seriously injured brother informed Leroux that his assailant was Joel, who had attacked him for no apparent reason, establishes that Leroux had probable cause to arrest Joel. Leroux did not participate in any subsequent investigation and did not have any influence over whether charges were filed against Joel. (Doc. 56, ¶ 18.) Thus, the only conduct that could subject Leroux to liability is his decision to arrest Joel. Probable cause is a complete defense to claims of false arrest, false imprisonment, and malicious prosecution, *see e.g.*, *Peebles v. Yamhill County*, 26 F. App'x 643, 644 (9th Cir. 2001); *Hockett v. City of Tucson*, 678 P.2d 502, 505 (Ariz. Ct. App. 1983), and these claims fail against Leroux.

**III.  Conclusion**

The Court finds that Joel's claims are barred by the statute of limitations. Notwithstanding the statute of limitations, the Court finds no genuine dispute of fact exists with respect to any of Joel's claims. Defendants are entitled to summary judgment on all counts.

**REQUEST FOR JUDICIAL NOTICE**

Low requests that the Court take judicial notice of several records relating to the underlying prosecution. (Doc. 54.) But the court records are submitted as evidence in support of Low's motion for summary judgment, which is unopposed, and thus the authenticity and accuracy of the records are undisputed. The Court need not take judicial notice of them, and the request is denied as moot.

**IT IS ORDERED** that Defendants' motions for summary judgment, (Docs. 52, 55), are **GRANTED**. In addition, Low's request for judicial notice, (Doc. 54), is **DENIED**. The trial scheduled for May 31, 2016 is hereby vacated. The Clerk is directed to enter judgment accordingly and terminate this action.

Dated this 23rd day of March, 2016.

Douglas L. Rayes
United States District Judge